W. A. CONNELLY v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF TREGO et al.
No. 12,571. (67 Pac. 453.)

SYLLABUS BY THE COURT.

1. TAXATION — Levy of Taxes — Authority of County Clerk. The
law delegates authority to the boards of county commissioners in
the different counties in Kansas, and to no other person, to levy
county taxes. A county clerk has no authority to levy a tax on
the property of an individual, and such levy when made is void.

2. ————— Involuntary Payment — Recovery. A tax levied with-
out authority of law and involuntarily paid may be recovered back
in an action for that purpose.

Error from Trego district court; LEE MONROE
judge. Opinion filed January 11, 1902. Reversed.

W. E. Saum, for plaintiff in error.

John A. Nelson, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in error sued the board
of county commissioners of Trego county and A. B.
Cooper, treasurer of said county, in the district court
to recover the sum of $118.38, taxes which he had
been compelled to and did involuntarily pay to the
treasurer of said county. The allegations in his peti-
tion are:

That in June, 1899, he became, by purchase, the
owner of 525 head of cattle, none of which he owned
on the 1st day of March of said year; that on the
22d day of June, and at a time when he was nego-
tiating a sale of all of said cattle, A. B. Cooper,
treasurer of said county, wrongfully demanded that
said property be listed for taxation in Trego county
for the year 1899, and threatened, if they were not so

Connelly v. Trego County.

listed, and the taxes thereon immediately paid, he would cause a tax-warrant to issue and be placed in the hands of the sheriff of said county, commanding him to levy on said property for such demand; that to prevent the sheriff from executing such threat he furnished the county clerk of said county with a list of the property, and the said county clerk assessed, and without authority of law extended such list upon the tax-rolls of said county and proceeded to levy a tax thereon for the year 1899; that said county treasurer renewed his demands, exacting from this plaintiff the sum of $118.38, as taxes on said property for the year 1899; that the plaintiff still protested, but, to avoid and escape the penalties and expenses with which he was at that time threatened, complied with the demands of said treasurer and paid the sum of $118.38; and that said treasurer had no right or authority to demand or collect from this plaintiff said sum or any sums, for the reason that no levy for the year 1899 had been made or authorized by the board of county commissioners.

To this petition the defendants demurred, which demurrer was sustained.   The plaintiff elected to stand upon his petition, and judgment was rendered against him.

The county clerk placed this property on the assessment-rolls, levied the taxes thereon, carried the levy to the tax-rolls, turned the tax-rolls over to the treasurer for the collection of this tax, and the treasurer collected the tax before the board of county commissioners made the levy for 1899.

A county clerk has no authority to levy taxes; the law designates the board of county commissioners of the different counties, and not the county clerk, as the proper persons to levy taxes.   The levy made in

this instance was void and not enforceable. Taxes paid involuntarily are recoverable. (*K. P. Rly. Co. v. Comm'rs of Wyandotte Co.*, 16 Kan. 587.)

The petition in this case stated a cause of action, and the court erred in sustaining the demurrer thereto.

The judgment of the court below is reversed, and the cause remanded with instructions to set aside the judgment and to overrule the demurrer.

CUNNINGHAM, POLLOCK, JJ., concurring.